# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JEREMY DALE MCCASKILL,

   *Petitioner*,

vs.

MICHAEL BUDGE, *et al.*

   *Respondents*.

3:08-cv-00687-ECR-RAM

ORDER

     This habeas matter under 28 U.S.C. § 2254 comes before the Court on the following motions filed by petitioner through appointed counsel: (a) a motion (#31) for enlargement of time to file an amended petition with a request that counsel not be removed; (b) an amended motion (#33) for the same relief; and (c) a motion (#35) for leave to file the other two motions one day late due to difficulties experienced by counsel in filing the motions on the electronic docketing system.

     Counsel was appointed to represent petition over a year ago. #19. Since that time, the Court has extended appointed counsel's initial 150-day deadline for filing an amended petition three times, following upon filings, including filings under seal, detailing counsel's extensive personal and professional problems. ## 23, 27 & 30.

     In the last such extension order, the Court clearly stated:

> . . . . **No further extensions of time will be granted. If current counsel is not able to complete the task within the thrice-extended deadline, the Court will rescind the appointment and appoint another panel attorney as replacement counsel, pursuant to the final sentence of 18 U.S.C. § 3006A(c).**

#30 (emphasis in original).

If a further extension is granted, these words will certainly prove to be hollow and meaningless, as will such words again repeated. Respect for the Court will be lost.

In the present filings, appointed counsel focuses more on difficulties with communicating with petitioner by telephone and in person because of restrictions on access attending his incarceration at Ely State Prison.[1] Yet the need to pursue and complete the telephonic and in-person communication with petitioner at Ely was identified as an action step that was to be pursued during the last extension granted in August 2010. Ely State Prison is a maximum security prison. A certain measure of restriction upon access to an inmate incarcerated there on a conviction for a violent offense[2] is to be expected, more so at some times as opposed to others depending upon the then-current security situation at the institution.

In the present filings, it appears that counsel's continuing problems and inability to focus on meeting deadlines are substantially contributing to the failure to timely communicate with petitioner and timely comply with the last -- and intended to be final -- extension order. Counsel refers to, *inter alia*,[3] her vehicle's "total inability to make [the] journey" to Ely to meet with petitioner, to an inability to coordinate with the investigator's schedule "given his schedule as a TMCC professor and family man with the holidays

---

[1] While the Court is referring to materials filed under seal, the Court is not referring to factual specifics that place attorney-client confidentiality or other confidentiality concerns of substance in peril. No subject matter or other waiver shall follow from the Court's discussion of matters referred to in filings under seal.

[2] Petitioner was convicted in 2003 of second degree murder with the use of a deadly weapon (a knife), and he is serving two consecutive life sentences with eligibility for parole consideration after a minimum served of ten years on each sentence.

[3] Counsel additionally refers to, among other things, a November 25, 2010, deadline for filing a *certiorari* petition in the United States Supreme Court in *Delbert Greene v. E.K. McDaniel*, 2:07-cv-0092-LRH-LRL. Review of online docket records for No. 10A392 at www.supremecourt.gov reflects that the original deadline for the petition was on or about October 12, 2010, and that counsel filed a motion for extension in the Supreme Court on the very last day of the filing period, the provisions of Supreme Court Rule 13(5) notwithstanding. Counsel's intent to file a *certiorari* petition in *Greene* was a known factor when the last extension was granted in the present case. The fact that petitioner has obtained an extension to file a *certiorari* petition in the other case does not weigh in favor of further extension herein. The extension in *Greene* instead tends to reinforce the regrettable conclusion that counsel is continuing to demonstrate an impaired ability to meet deadlines, despite having what appears to be only a small number of cases in hand.

approaching" apparently since August of this year, to an inability to reach the investigator currently because he is "on a once-in-a-lifetime bull elk hunting trip" and counsel mis-calendared the dates of the trip, to the investigator's inability to locate and contact key witnesses "given their lifestyles and the passage of nine-plus years since the crime," and to a frankly less than arduous work schedule for an attorney under a deadline, a schedule which continues to be interrupted by various personal matters.

The Court could not have been more clear – or more emphatic – both that the last extension granted in this case was the final extension and that a failure to meet the deadline would result in appointment of replacement counsel. What is necessary for this case is counsel with the resources, focus, persistence, and pace to meet the deadlines in the case. Present appointed counsel has not demonstrated same. Nor do the weak excuses presented for the failure to meet the deadline – *e.g.,* the holiday season approaching with regard to a November 12, 2010, deadline established on August 13, 2010 and a bull elk hunting trip – reflect that counsel has demonstrated the requisite focus to do what do what needs to be done to meet deadlines in this case.[4] The Court is not sanguine that further extensions of time with present counsel more likely than not will result in either the amended pleading deadline, or future deadlines in the case, being met sufficiently expeditiously for the matter to move forward with any reasonable dispatch.

The possibility always remains – as it has at each requested extension – that counsel will focus and get the job done on the present requested extension. That prospect, however, undergirded the last extension order. If counsel cannot meet a deadline following the last order – which was clear both as to its finality and as to the consequences of the failure to meet the deadline – the Court has no reasonable confidence that it will avoid being placed in the very same situation once again more than sixty days hence, and perhaps yet again thereafter. While appointing replacement

---

[4] For example, if a motion for an order to the prison to provide access in truth were necessary, such a motion, as opposed to another last-minute extension motion, should have been filed long, long ago during the extended deadline period.

-3-

counsel makes further delay a certainty rather than a likelihood, such a step would appear to be the only reliable route toward moving this case forward.

No matter what the validity of the excuses is, the action must proceed to completion within a reasonable period of time. If counsel shall again fail to proceed with the case in accordance with this order, this Court may be subject to justifiable criticism for its failure to properly manage the case. Counsel may also endanger her status on the CJA Panel.

Notwithstanding the foregoing, we recognize that counsel has done outstanding work in previous cases in this Court. Petitioner needs counsel of that quality for what appears to be a difficult case. In spite of our respect for counsel and her ability, however, there will come a time when enough is enough and that time will finally be if counsel shall fail to comply fully with this order entirely within the time limits provided. No matter what shall happen between the date of this order and the deadline it provides, counsel will be terminated if she does not fully comply with the terms and requirements of this order.

IT THEREFORE IS ORDERED: (a) that petitioner's motion (#35) for leave to file is GRANTED; and (b) that petitioner's motion (#31) and amended motion (#33) for an enlargement of time and request that counsel not be removed are GRANTED.

The time for petitioner to file an amended petition is extended up to and including January 15, 2011. **No further extensions of time will be granted. If current counsel is not able to complete the task within the four-times extended deadline, the Court will rescind the appointment and appoint another panel attorney as replacement counsel, pursuant to the final sentence of 18 U.S.C. § 3006A(c).**

The Clerk of Court shall send a copy of this order to the petitioner individually, addressed to Jeremy Dale McCaskill, #76726, P.O. Box 1989, Ely, NV 89301.

DATED: November 17, 2010

_____
EDWARD C. REED
United States District Judge