# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JEREMY DALE MCCASKILL,

    *Petitioner*,

vs.

MICHAEL BUDGE, *et al.*

    *Respondents*.

3:08-cv-00687-ECR-WGC

ORDER

    This represented habeas matter under 28 U.S.C. § 2254 comes before the Court on petitioner's motion (#45) to stay and for initial review of the most recent amended petition (#44).

## *Motion to Stay*

    Petitioner acknowledges that the multiple claims presented under the ground designated as Ground 8 (#44, at 32-43) were not presented to the Supreme Court of Nevada. Petitioner argues that the claims nonetheless are exhausted under 28 U.S.C. § 2254(b)(1)(B)(i) on the premise that there is an absence of available State corrective process because the claims now would be time-barred in the state courts. However, in the alternative motion to stay, petitioner seeks a stay in order to present arguments to the state supreme court in an effort to overcome the state procedural bar. Petitioner seeks such a stay pursuant to *Rhines v. Weber,* 544 U.S. 269, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005).

Petitioner proceeded properly in seeking a stay prior to issuance of a screening order following the filing of the amended petition. If a stay ultimately were to be granted, proceeding in this fashion would save time and resources for all concerned.

In order to obtain a stay under *Rhines*, a petitioner must demonstrate that there was good cause for the failure to exhaust the claims, that the unexhausted claims include at least one claim that is not plainly meritless, and that petitioner has not engaged in intentionally dilatory litigation tactics. *See* 544 U.S. at 278.

While the precise contours of what constitutes "good cause" in this context remain to be fully developed in the jurisprudence, the Ninth Circuit has held that a requirement that the petitioner show "extraordinary circumstances" to obtain a stay does not comport with the good cause standard in *Rhines*. *See Jackson v. Roe*, 425 F.3d 654, 661-62 (9th Cir. 2005). The Court concluded in *Riner v. Crawford*, 415 F.Supp.2d 1207 (D.Nev. 2006), following upon the Ninth Circuit's holding in *Jackson*, that the good cause standard under *Rhines* therefore is not so strict a standard as to require a showing of some extreme and unusual event beyond the control of the petitioner to warrant a stay. 415 F.Supp.2d at 1210. On the other hand, *Rhines* instructs that a stay should be available only in "limited circumstances," and the requirement of good cause therefore should not be interpreted in a manner that would render stay orders routine. *Wooten v. Kirkland*, 540 F.3d 1019, 1024 (9th Cir. 2008). Accordingly, a mere impression by a petitioner that a claim was exhausted is not sufficient to establish good cause for a failure to exhaust, given that, if it were, "virtually every habeas petitioner, at least those represented by counsel, could argue that he *thought* his counsel had raised an unexhausted claim and secure a stay." *Id.* (emphasis in original).[1]

/ / / /

---

[1] In *Riner*, the Court's order was issued following a remand from the Ninth Circuit for reconsideration of its dismissal order in light of the intervening authority in *Rhines*. The Court did not hold that Riner either had or had not demonstrated good cause. The order instead gave Riner an opportunity *to* demonstrate good cause and the other requirements for a *Rhines* stay. Riner thereafter did not seek such a stay but instead sought reconsideration of the Court's prior holding that the claims in question were unexhausted. See,e.g., No. 3:99-cv-0258-ECR-RAM, #72. The published *Riner* decision therefore did not make a definitive holding as to good cause applicable to a then-attempted specific factual demonstration of good cause.

Petitioner has failed to demonstrate good cause under this standard. Petitioner merely asserts that the claims "in essence" were addressed in the state district court, and he states that "[h]owever, the issues were not briefed for the Nevada Supreme Court." #45, at 3. These statements only recite the procedural history reflecting that the claims were not exhausted. These statements do not in any sense demonstrate good cause for the failure to exhaust the claims. If the Court granted a stay based upon such a essentially nonexistent showing, it most certainly would be interpreting the good cause requirement in a manner that rendered stay orders not only routine but indeed automatic.

The Court therefore does not reach the question of whether the remaining requirements for a *Rhines* stay have been satisfied. The motion to stay accordingly will be denied.

### *Initial Review*

The Court acknowledges the extensive amount of work by counsel reflected in the amended petition. The pleading, however, is deficient in form in a number of respects that must be corrected prior to directing a response. While the Court is reluctant to have further delay in this case given its age, *inter alia*, the amended petition must be presented in a manner where the discrete claims presented can be identified as such by respondents and responded to accordingly.

*First*, the petition is not verified as required by Rule 2(c)(5) of the Rules Governing Section 2254 Cases [the "Habeas Rules"]. The present amended petition is not verified by anyone. It is subject to question whether petitioner's counsel in any event could constitute "someone acting on his behalf" under 28 U.S.C. § 2242 for this purpose. This provision generally refers to a person filing a petition as a next friend for a petitioner who is unable to himself access the courts. In all events, the practice in this Court is for the petitioner himself to verify the petition. This practice has the practical utility of ensuring that the petitioner has been advised of and approves of the pleading filed. In cases where this verification procedure is not followed or is overlooked, the Court often can get deep into the case only to find that the petitioner is at odds with his attorney over the claims or the presentation of the claims.

Counsel may find it of benefit to obtain a form for the verification typically used for this purpose by the Federal Public Defender.

*Second*, the amended petition fails to identify the specific basis for exhaustion as to each claim presented. Under Local Rule LSR 3-1, counsel for a petitioner either must use the Court's required form or must supply all information required in the model form in the Appendix to the Habeas Rules. That model form requires response to specific inquiries regarding the exhaustion of each and every claim.

*Third,* petitioner must present one constitutional claim per ground. The present pleading combines multiple claims together under single grounds, including, in particular, independent substantive claims of trial court error with claims of ineffective assistance of trial and/or appellate counsel. The Court and respondents need to be able to identify which discrete claims actually are being presented. It is exceedingly difficult to ascertain from the present pleading in all instances whether petitioner is seeking to present an additional claim for relief or instead is referring to a constitutional issue in passing as background to another claim. The Court and the respondents need to be able to clearly identify what claims are being presented and what the specific claimed basis for exhaustion of those claims is.

Petitioner therefore must: (a) separate all claims of independent substantive error presented from each other and from claims of ineffective assistance of trial counsel and/or appellate counsel; (b) present all claims of ineffective assistance of trial counsel under a single consolidated ground broken down by subparts for each discrete claim of error (*i.e.*, "A," "B", etc.); (c) similarly present all claims of ineffective assistance of appellate counsel in a single consolidated ground broken down by subparts; and (d) identify in the pleading the specific basis for exhaustion for each ground or subpart thereof. Petitioner of course may incorporate allegations from a prior ground in the course of stating another claim or ground based in whole or in part on the same facts. If the amended petition filed in response to this order refers in passing to other possible constitutional violations that are not set forth as a separate ground and for which no statement of exhaustion is provided, the passing reference will not be regarded to be a claim upon which relief actually is being sought.

Here again, counsel may find it of benefit to review an amended petition prepared by the Federal Public Defender in a large multiple-issue case.

*Fourth*, the ground designated as Ground 8 in truth does not present a claim of cumulative error. A cumulative error claim is a claim alleging that even if all of the other claims in a petition do not independently provide a basis for relief the cumulative impact of the errors nonetheless does warrant relief. In Ground 8, petitioner in truth merely has aggregated a number of independent substantive claims and claims of ineffective assistance of counsel that petitioner wishes to pursue under the heading "cumulative error." The only conclusion that the Court can draw when it reads the pleading itself is that petitioner is seeking to actually pursue the claims in Ground 8 as bases for overturning his conviction in their own right, not merely as a claim of cumulative error. If petitioner, for example, is seeking to present a claim that he was denied a right to a fair trial under the Sixth and Fourteenth Amendments because the state trial court gave Jury Instruction No. 28, that is an independent substantive claim of trial error, not a claim of cumulative error.

*Fifth*, the practice in this Court is for appointed counsel to file copies of the state record exhibits with the amended petition. The Court does not "call up" the record from the state court, and the Court definitely does not base its decision on what the lawyers state the state court record states. The Court needs to be able to refer to the relevant parts of the state court record in adjudicating the claims presented. At the end of this order, the Court states the particular requirements for filing the state court record materials. Here again, counsel may find it of benefit to confer with the Federal Public Defender as to the technical aspects involved in efficiently filing copies of the state court record materials in the federal record.

The Court will give petitioner an opportunity to file a compliant pleading.

IT THEREFORE IS ORDERED that petitioner's motion (#45) to stay is DENIED.

IT FURTHER IS ORDERED that, within forty-five (45) days of entry of this order, petitioner shall file an amended petition that: (1) is verified; (2) states the specific basis for exhaustion for each ground presented; (3) presents separate constitutional grounds in separate grounds or subparts as specified herein; and (4) includes state court record exhibits.

1       IT FURTHER IS ORDERED that the state court record exhibits shall be filed with a
2 separate index of exhibits identifying the exhibits by number.  The CM/ECF attachments that
3 are filed further shall be identified by the number or numbers of the exhibit(s)s in the
4 attachment.  *Cf.* No. 3:06-cv-00129-LRH-VPC, ## 20-27.  The purpose of this provision is so
5 that the Court and any reviewing court thereafter will be able to determine from the face of the
6 electronic docket sheet which exhibits are filed in which attachments.  Petitioner further shall
7 provide a hard copy of the amended petition and record exhibits to the Court through the staff
8 attorney, by sending same, for this case, to the Clerk in Las Vegas, directed to the attention
9 of "P3".  Petitioner shall **not** seek to file the exhibits and/or submit the hard copy on a
10 computer file disk.

11       **No requests for extensions of time will be considered except in the most**
12 **extraordinary of circumstances.**

13       DATED November 21, 2011.

                                             _____
                                             EDWARD C. REED
                                             United States District Judge