# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JEREMY DALE MCCASKILL,

    *Petitioner*,

vs.

MICHAEL BUDGE, *et al.*

    *Respondents*.

3:08-cv-00687-ECR-RAM

ORDER

    This represented habeas matter under 28 U.S.C. § 2254 comes before the Court on petitioner's motion (#51) for extension of time and motion (#52) to limit the exhibits filed with the amended petition.

    The motion for an extension of time will be granted.

    On the second motion, the Court will direct respondents to file the state court record materials needed on the premise that petitioner's counsel does not have the necessary technology to comply with the prior order.  The Court would note that the technology necessary to file the materials directed in the manner directed exists.  Moreover, once materials are filed electronically rather than in hard copy, whether the filer is a small office rather than a large office becomes less of an issue, if at all, with the appropriate technology. However, at this late juncture, the Court needs to move this particular case as quickly as possible, and it thus will not tarry at length over what is or is not possible logistically.

    Petitioner's counsel refers to counsel's understanding of past custom with regard to the filing of exhibits and other matters covered by the Court's recent orders.  Regardless of

what may or may not have transpired in past cases, the Court needs for the panel attorneys: (a) to bring their practice more in line with federal habeas practice rather than state post-conviction practice in the presentation of pleadings; and (b) take into account the technological changes associated with pursuing federal habeas relief on an electronic docketing system, which, in truth, can reduce the relative logistical burden on a smaller office with appropriate technology. Change comes to all things, including custom.

The Court referred counsel in the prior order (#48, at 5, lines 20-22) to the practice by the Federal Public Defender with regard to, *inter alia*, the filing of exhibits. The Court did so not as an indication of the height of the hill, but instead as a resource regarding the specifics of the technology used to efficiently clear it. However, if counsel's office does not have the capacity to do so, then the Court will keep that in mind with regard to future appointments.

In all events, the Court needs adequate state record materials both when the counseled amended petition is filed, so that the Court can meaningfully screen the pleading, and thereafter when it adjudicates the issues in the case. In the present case, petitioner raises challenges regarding the sufficiency of the evidence, the jury instructions, sentencing, and multiple claims of ineffective assistance of both trial and appellate counsel. The Court clearly is not going to either screen the amended petition and/or adjudicate the issues in the case without, *e.g.,* the trial transcript, the post-conviction evidentiary hearing transcript, and the briefing on direct appeal and state post-conviction review. Nor is the Court going to undertake review based upon only selected materials presented by counsel in claim order rather than in chronological order. It is not at all uncommon for the Court to resolve habeas matters based upon what is in relevant portions of the state court record that counsel do *not* highlight for the Court's review.

IT THEREFORE IS ORDERED that petitioner's motion (#51) for extension of time is GRANTED *nunc pro tunc*, such that petitioner shall have up to and including **January 23, 2012**, within which to file an amended petition.

IT FURTHER IS ORDERED that petitioner's motion (#52) to limit the exhibits filed with the amended petition is GRANTED IN PART as per the remaining provisions of this order.

      IT FURTHER IS ORDERED that, within forty-five (45) days of the filing of the amended petition, **respondents** shall file a set of exhibits with copies of the state court record materials relevant to the claims raised in the amended petition.  At a minimum, the materials shall include copies of, indexed and substantially in **chronological** order:

      (a)    the minutes from the justice court;

      (b)    the minutes from the state district court;

      (c)    the preliminary hearing transcript;

      (d)    the full motion papers, briefing, pretrial writs, *previously-prepared* hearing transcripts, and state court decisions regarding any motions that are the subject of any substantive claims or ineffective assistance claims raised in the amended petition (*e.g.,* such as Grounds 4 and 5 of the present pleading);

      (e)    the complete trial transcript, to the extent previously prepared, excluding the voir dire, unless a claim or claims concern the voir dire or to the partial extent that a discussion of an issue pertaining to another claim occurs in the transcript prior to opening statements;

      (f)    the proposed jury instructions;

      (g)    the jury instructions given;

      (h)    the presentence investigation report, which can be filed under seal;

      (i)    the sentencing transcript;

      (j)    the state court judgment of conviction and any amendments thereto;

      (k)    the fast track filings and/or briefing on direct appeal, including any other papers accepted for filing setting forth appellate claims on petitioner's behalf on direct appeal;

      (l)    the state supreme court's decision and remittitur on direct appeal;

      (m)    any and all state post-conviction petitions or other requests for collateral review, all supplemental filings setting forth claims, and the State's responses to the claims;

1       (n)    the state district court's order(s) on the claims;

2       (o)    all previously-prepared transcripts of any evidentiary hearings held;

3       (p)    the appellate briefing as to any such proceedings for post-conviction

4            relief or other collateral review; and

5       (q)    all decisions and remittiturs by the state supreme court regarding same.

6     IT FURTHER IS ORDERED that the exhibits shall be filed with a separate index of

7 exhibits identifying the exhibits by number.  The CM/ECF attachments that are filed further

8 shall be identified by the number or numbers of the exhibit(s)s in the attachment.  *Cf.* No.

9 3:06-cv-00129-LRH-VPC, ## 20-27.  The purpose of this provision is so that the Court and

10 any reviewing court thereafter will be able to determine from the face of the electronic docket

11 sheet which exhibits are filed in which attachments.  Respondents shall deliver a hard copy

12 of the exhibits to the Clerk's Office in **Las Vegas** for this case.

13     DATED:   January 17, 2012.

                                _____
                                EDWARD C. REED
                                United States District Judge