1
2
3
4
5
6

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

7
8
9

JEREMY DALE MCCASKILL,

   *Petitioner*,                                                    3:08-cv-00687-ECR-WGC

vs.

                                                                    ORDER

MICHAEL BUDGE, *et al.*,

   *Respondents.*

10
11
12
13
14

15      This represented habeas matter under 28 U.S.C. § 2254 comes before the Court on
16  respondents' (#74) to dismiss.  Respondents contend that: (a) Grounds 2 and 7 through 11
17  are not exhausted; (b) Grounds 7 and 11 do not relate back to a timely-filed claim and
18  therefore further are untimely; and (c) Ground 5(e) is procedurally defaulted.

19                                          ***Background***

20      Petitioner Jeremy Dale McCaskill challenges his Nevada judgment of conviction,
21  pursuant to a jury verdict, of second-degree murder with the use of a deadly weapon.  He is
22  serving two consecutive life sentences with the possibility of parole after ten years on each
23  sentence.  Petitioner challenged his conviction on direct appeal and state post-conviction
24  review.

25                                          ***Exhaustion***

26      Under 28 U.S.C. § 2254(b)(1)(A), a habeas petitioner first must exhaust state court
27  remedies on a claim before presenting that claim to the federal courts.  To satisfy this
28  exhaustion requirement, the claim must have been fairly presented to the state courts

completely through to the highest court available, in this case the Supreme Court of Nevada. *E.g., Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003)(*en banc*); *Vang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003).  In the state courts, the petitioner must refer to the specific federal constitutional guarantee and must also state the facts that entitle the petitioner to relief on the federal constitutional claim. *E.g., Shumway v. Payne*, 223 F.3d 983, 987 (9th Cir. 2000).  That is, fair presentation requires that the petitioner present the state courts with both the operative facts and the federal legal theory upon which the claim is based.  *E.g., Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005).  The exhaustion requirement insures that the state courts, as a matter of federal-state comity, will have the first opportunity to pass upon and correct alleged violations of federal constitutional guarantees. *See,e.g., Coleman v. Thompson*, 501 U.S. 722, 731, 111 S.Ct. 2546, 2554-55, 115 L.Ed.2d 640 (1991).

Under *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), a mixed petition presenting both exhausted and unexhausted claims must be dismissed without prejudice unless the petitioner dismisses the unexhausted claims or seeks other appropriate relief.

### Ground 2

In Ground 2, petitioner alleges that he was denied rights to due process and a fair trial under the Fifth, Sixth, and Fourteenth Amendments when the state trial court declined to give the following instruction proffered by the defense:

> If evidence in this case is susceptible of two reasonable interpretations, one of which would point to the defendant's guilt and the other would admit of his innocence, then it is your duty in considering such evidence to adopt that interpretation which will admit of defendant's innocence and reject that which would point to guilt.

#54, at 10; #66, Ex. 72.

Respondents contend that Ground 2 is not exhausted because petitioner presented only a state law claim of error on direct appeal.

Petitioner contends that his citation on direct appeal to *Bails v. State*, 92 Nev. 95, 545 P.2d 1155 (1976), which in turn discussed *Holland v. United States*, 348 U.S. 121, 75 S.Ct.

127, 99 L.Ed. 150 (1955), fairly alerted the Supreme Court of Nevada that he was relying upon "federal law."  He urges that, accordingly, "a federal issue is in play in this Court."

The *Bails* court cited *Holland* for the following:

> It is the appellant's contention that when all of the evidence is circumstantial in character, the court is compelled to give the instruction in order to insure fair jury consideration of the case. We do not agree.  The leading case on this precise point is *Holland v. United States*, 348 U.S. 121, 75 S.Ct. 127, 99 L.Ed. 150 (1955), which we have cited with approval on at least three occasions.  *See: Vincze v. State, supra; Kovack v. State, supra; Hall v. State, supra*.  In *Holland*, a wholly circumstantial evidence case, the court wrote:
>
> > "The petitioners assail the refusal of the trial judge to instruct that where the Government's evidence is circumstantial it must be such as to exclude every reasonable hypothesis other than that of guilt. There is some support for this type of instruction in the lower court decisions (citations), but the better rule is that where the jury is properly instructed on the standards for reasonable doubt, such an additional instruction on circumstantial evidence is confusing and incorrect (citations).
> >
> > "Circumstantial evidence in this respect is intrinsically no different from testimonial evidence. Admittedly, circumstantial evidence may in some cases point to a wholly incorrect result. Yet this is equally true of testimonial evidence. In both instances, a jury is asked to weigh the chances that the evidence correctly points to guilt against the possibility of inaccuracy or ambiguous inference. In both, the jury must use its experience with people and events in weighing the probabilities. If the jury is convinced beyond a reasonable doubt, we can require no more.
>
> In the case before us the jury was properly instructed on the standards for reasonable doubt. In line with *Holland*, we hold that it was not error to refuse the requested instruction.

92 Nev. at 97-98, 545 P.2d at 1156.

In *Holland*, the Supreme Court addressed a claim of trial error in a federal criminal case.  The Supreme Court did not make any federal constitutional holdings in *Holland*. Indeed, neither the words "due process" or "fair trial" nor any derivation of the word "constitutional" even appear in *Holland*.  To exhaust a *federal constitutional claim*, the petitioner must not merely cite directly or indirectly in the state courts to "federal cases"

1   applying "federal law."  He instead must cite to decisions that considered the same federal

2   *constitutional* claim that he is seeking to pursue in federal court.  *See,e.g., Shumway*, 223

3   F.3d at 988.  In the present case, citation to a state court decision that cited to a federal court

4   decision that did not discuss *any* constitutional claims clearly did not exhaust the federal

5   constitutional claims in Ground 2.

6          Ground 2 therefore is not exhausted.

7          ***Ground 7***

8          In Ground 7, petitioner alleges that he was denied rights to due process and a fair trial

9   under the Fifth, Sixth and Fourteenth Amendments when the state district court gave the

10  following jury instruction on self-defense:

11                 The defense of self-defense is not available to a defendant
                   who is at fault in provoking the confrontation that resulted in
12                 death.

13  #54, at 40; #66, Ex. 74, Jury Instruction No. 28.  Petitioner contends that the instruction given

14  is inconsistent with N.R.S. 200.200 and further that there was no evidence that he provoked

15  the confrontation.

16         Petitioner acknowledged in the amended petition that Ground 7 was not presented to

17  the state courts, but he urges that the claim nonetheless is exhausted.  He contends that

18  Ground 7 is exhausted because it was "intertwined with" and "sufficiently related" to allegedly

19  exhausted claims in Grounds 2 and 3.  Of course, given that the Court has held that there are

20  no exhausted federal constitutional claims in Ground 2, petitioner's argument thus necessarily

21  can rely upon Ground 7 being "intertwined" only with Ground 3.

22         In Ground 3, petitioner alleges that he was denied his right to due process under the

23  Fifth and Fourteenth Amendments when the state district court gave an allegedly erroneous

24  "transition instruction" in Jury Instruction No. 15 regarding consideration of lesser included

25  offenses, guiding the jury's consideration from first-degree murder to second-degree murder

26  to voluntary manslaughter to involuntary manslaughter.  See #54, at 12-13; #66, Ex. 74.

27         Petitioner relies upon *Wooten v. Kirkland*, 540 F.3d 1019 (9th Cir. 2008), for the

28  proposition that "a petitioner has 'fairly presented' a claim not named in a petition if it is

'sufficiently related' to an exhausted claim."  540 F.3d at 1025.  Under the rule discussed therein, "[c]laims are 'sufficiently related' or 'intertwined' for exhaustion purposes when, by raising one claim, the petition clearly implies another error."  *Id.*

The *Wooten* panel did not find that the cumulative error claim at issue in that case was "sufficiently related" to or "intertwined" with any exhausted claim in that case.  The principal case cited for the rule stated in *Wooten* was *Lounsbury v. Thompson*, 374 F.3d 785, 787 (9th Cir. 2004).  In *Lounsbury*, the Ninth Circuit held that a substantive due process claim based upon the petitioner allegedly being erroneously found competent to stand trial was sufficiently related to and intertwined with a procedural due process claim regarding the competency determination because "the clear implication of [the] exhausted claim was that by following a constitutionally defective procedure, the state court erred in finding [the petitioner] competent."  374 F.3d at 788.

Perhaps not insignificantly, the Court has been unable to find another published Ninth Circuit decision following *Lounsbury* that finds that other types of claims – such as different claims of jury charge error – are sufficiently related and intertwined so as to premise the exhaustion of one upon the exhaustion of the other.  As noted, the *Wooten* panel did not find the cumulative error claim at issue in that case to be exhausted on this basis.

In the present case, considering a constitutional claim based upon an allegedly erroneous transition instruction in Instruction No. 15 did not automatically require the state supreme court to consider whether the self-defense instruction in Instruction No. 28 gave rise to constitutional error.  *Cf. Wooten*, 540 F.3d at 1025 ("Briefing a number of isolated errors that turn out to be insufficient to warrant reversal does not automatically require the court to consider whether the cumulative effect of the alleged errors prejudiced petitioner.").  Petitioner's argument to the contrary is unpersuasive.  Ground 3 and Ground 7 simply constitute distinct claims of alleged constitutional jury instruction error.  Merely because both instructions allegedly contained "an incorrect statement of Nevada law" does not make the claims intertwined for purposes of exhaustion.  Claiming one alleged error in a set of jury instructions neither implies other errors in the instructions nor inherently sends a reviewing

court trolling through the instructions *sua sponte* looking for other wholly distinct errors in other parts of the instructions on other issues.  The claims are not "sufficiently related" to or "intertwined" with one another for purposes of the exhaustion doctrine.

Ground 7 therefore is not exhausted.[1]

### Ground 8

In Ground 8, petitioner alleges that he was denied effective assistance of counsel when trial counsel failed to offer what are generically referred to in the federal petition but otherwise are unspecified jury instructions "highlighting [his] state of mind before and during the altercation with [the victim]."  #54, at 42.

---

[1]The Court further notes that the substantive claim of jury instruction error in Ground 3 – to the extent that the claim *arguendo* is exhausted in the first instance – was raised not on direct appeal but instead on post-conviction review.  The Supreme Court of Nevada apparently construed the claim of error presented to that court as consisting only of claims of ineffective assistance of trial and appellate counsel for failing to object to the transition instruction in Instruction No. 15.  See #71, Ex. 144, at 3-4.  The state high court does not consider substantive claims raised for the first time on state post-conviction review in conjunction with ineffective assistance claims.  Cf. *id.*, at 5 n.15 (expressly rejecting substantive claim presented with claim of ineffective assistance as procedurally barred because the substantive claim should have been raised on direct appeal).  It is easy to see from the post-conviction appeal briefing how the state supreme court could construe the claim of error regarding the transition jury instruction as presenting claims only of ineffective assistance of trial and appellate counsel.  The subject heading for the relevant argument does refer to a due process claim from trial court error as well as to claims of ineffective assistance of counsel.  But the body of the argument arguably reads as an argument in support of claims of ineffective assistance of counsel rather than an independent substantive claim of jury instruction error.  See #71, Ex. 140, at 10-15; *id.*, Ex. 142, at 2-4.

In all events, the Court notes that Ground 3 was raised on state post-conviction review rather than direct appeal because that procedural posture makes it all the more highly improbable that any *arguendo* assertion of the substantive claim in Ground 3 on state post-conviction review would have clearly implied other substantive claims of jury instruction error on post-conviction review.  Under Nevada state procedural law, the Supreme Court of Nevada simply would not be looking to address independent substantive claims of jury charge error on state post-conviction review, whether directly expressed or instead *arguendo* "implied." The exhaustion of Ground 3 itself has not been challenged, and the Court has assumed *arguendo* that the claim is exhausted.  The salient point with regard to Ground 7, however, is that the *arguendo* presentation of Ground 3 on state post-conviction review rather than on direct appeal cuts sharply against any argument that the claim "clearly implied" other substantive claims of jury instruction error when raised in that procedural posture.  Independent substantive claims of jury instruction error simply would not be considered in that procedural posture separate and apart from claims of ineffective assistance of counsel.

For the reasons discussed in the text, however, the Court would not conclude that Ground 3 "clearly implied" and exhausted Ground 7 even if Ground 3 had been presented on direct appeal rather than on state post-conviction review.  The claims in Ground 3 and Ground 7 – in whatever procedural posture raised – are not "sufficiently related" and "intertwined" such that the presentation of one exhausts the other.

1   Here as well petitioner contends that the claim of ineffective assistance of counsel in
2   Ground 8 was "sufficiently intertwined" with the allegedly exhausted Grounds 2 and 3 that the
3   presentation of those substantive claims on direct appeal exhausted the claim of ineffective
4   assistance of trial counsel in Ground 8.

5   The Court incorporates its background discussion of this claimed basis for exhaustion
6   as to Ground 7, *supra*.

7   Given the Court's holding that Ground 2 is not exhausted, alleged exhaustion of
8   Ground 2 cannot serve as a basis for exhaustion of Ground 8.

9   Presentation of a substantive constitutional claim based upon an allegedly erroneous
10   transition instruction given by the state trial court did not clearly imply a claim of alleged
11   ineffective assistance of trial counsel in failing to offer other, still-as-yet largely unspecified
12   jury instructions regarding state of mind.  Petitioner's argument that the issue of his intent was
13   "intertwined" with the "type of crime proved in Ground Three" does not persuade the Court
14   that the *arguendo* assertion of Ground 3 on state post-conviction review exhausted Ground
15   8 as well.

16   Ground 8 is not exhausted.

17   ***Grounds 9 and 10***

18   In Ground 9, petitioner alleges that he was denied effective assistance of counsel when
19   trial counsel failed to call an expert witness to testify about the trajectory of the victim's stab
20   wounds to show that petitioner allegedly was on his back when he stabbed the victim.

21   In Ground 10, petitioner alleges that he was denied, *inter alia*, effective assistance of
22   counsel when trial counsel allegedly failed to adequately prepare him for his trial testimony.

23   Petitioner concedes that neither one of these claims was fairly presented to the
24   Supreme Court of Nevada on state post-conviction review.

25   Petitioner urges, however, that the lack of exhaustion of these claims should be
26   excused under 28 U.S.C. § 2254(b)(1)(B)(ii) because of the existence of circumstances that
27   rendered state corrective process ineffective to protect his rights.  He contends that the
28   alleged failure of his state post-conviction counsel to communicate with him regarding the

1  issues to be presented on state post-conviction review through to the Supreme Court of

2  Nevada constitute circumstances that rendered the state corrective process ineffective.[2]

3       Petitioner cites no authority in support of the proposition that an alleged failure of state

4  post-conviction counsel to pursue issues that the petitioner wishes to pursue renders state

5  corrective process ineffective for purposes of § 2254(b)(1)(B)(ii).  The Court is persuaded by

6  the Fifth Circuit decisions rejecting this argument.  *See Ruiz v. Quarterman*, 460 F.3d 638,

7  634-35 (5th Cir. 2006); *Martinez v. Johnson*, 255 F.3d 229, 238 n.10 (5th Cir. 2001).  It is

8  established law that alleged ineffective assistance of post-conviction counsel does not

9  constitute cause to overcome a procedural default because a petitioner does not have a

10  constitutional right to counsel in post-conviction proceedings.  *Id.*  It would be an anomalous

11  rule indeed under which an alleged failure of post-conviction counsel to raise an issue would

12  not excuse the procedural default of a claim that actually was later presented to the state

13  courts but nonetheless would excuse the failure to ever raise the claim in the state courts in

14  the first instance.  No authority supports the proposition that counsel's actions or inactions

15  may excuse a failure to exhaust a claim and thereby deprive the state courts of the first

16  opportunity required by comity to consider a claim of constitutional error.[3]

17       Grounds 9 and 10 are not exhausted.

18  ***Ground 11***

19       In Ground 11, petitioner alleges that he was denied a right to a fair trial under the Fifth

20  and Sixth Amendments due to the cumulative effect of the alleged errors raised.

21       Petitioner concedes that he did not present such a cumulative error claim to the

22  Supreme Court of Nevada, either on direct appeal or post-conviction review.

23

24  [2]See ##54, at 39; #76, at 4.

25

26  [3]It further is established law that – even on direct appeal – a defendant has no constitutional right to compel appointed counsel to raise every non-frivolous ground that the defendant wishes to raise.  *See Jones v. Barnes*, 463 U.S. 745, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983).  Appellate counsel instead is expected to

27  exercise independent professional judgement in selecting the issues to pursue on appeal.  *Id.*  There simply is no constitutional underpinning for a rule that state corrective process is effective vis-à-vis an appellate

28  proceeding only if counsel presents all claims that the petitioner wishes to pursue.

Petitioner contends, however, that the cumulative error claim in Ground 11 is exhausted because it is "intertwined" with the exhausted claims.

In *Wooten*, the Ninth Circuit rejected the argument that the cumulative error claim presented on federal habeas review in that case was intertwined with the claims exhausted in the state courts:

> Cumulative error comes into play when no single trial error is, on its own, sufficiently prejudicial to warrant reversal. . . . . Briefing a number of isolated errors that turn out to be insufficient to warrant reversal does not automatically require the court to consider whether the cumulative effect of the alleged errors prejudiced the petitioner. . . . .
>
> Wooten recited three out of the four alleged substantive errors in his brief to the California Supreme Court without developing any argument on those errors.  Indeed, Wooten specified that he included those errors in order to exhaust them for the purpose of bringing a federal habeas petition.  That Wooten specifically noted that he was listing a number of errors for exhaustion purposes but omitted the cumulative error claim confirms that the California Supreme Court had no reason to conclude that Wooten also believed that there was cumulative error.  *Cf. Peterson v. Lampert*, 319 F.3d 1153, 1159 (9th Cir.2003)(en banc)("Especially here, where a counseled petitioner raised both the state and federal issues in his briefing before the court of appeals, but then omitted the federal issue before the Oregon Supreme Court, there is reason to conclude that such omission may be a strategic choice by counsel....").
>
> Finally, our decision in *Solis v. Garcia*, 219 F.3d 922 (9th Cir.2000), suggests that a cumulative error claim must be clearly identified in a petitioner's brief before a state court to be exhausted.  Unlike Wooten, the petitioner in *Solis* explicitly mentioned his cumulative error claim in the conclusion of his brief to the California Supreme Court.  *Id.* at 930.  We nevertheless concluded that the isolated reference to cumulative error was not sufficient to exhaust the claim.  *Id.*  We noted that the cumulative error was not labeled as an issue in the brief's table of contents and the petitioner did not argue cumulative error or cite any authority on cumulative error, "leaving the California Supreme Court with no argument on the issue from either side."  *Id.*  The same can be said of Wooten's petition before the California Supreme Court.

540 F.3d at 1025-26.

Petitioner acknowledges that *Wooten* concluded that the cumulative error claim in that case was not exhausted.  He seeks to distinguish the *Wooten* decision on the following basis, however:

1
2
3
4
5
6

> Ground Eleven names all of the grounds presented in the Amended Petition as the basis for the cumulative error allegation. See Amended Petition at 51-52. The exhausted claims are developed arguments, and these are sufficient to keep the cumulative error allegation in front of the Court.  In Wooten, the court disapproved when the petitioner listed errors as cumulative without developing any argument on them. See 540 F.3d at 1026. Unlike Wooten, here the Nevada Supreme Court considered Grounds One through Six and passed on them. Thus, in hearing Ground Eleven this Court is not usurping the Nevada high court's right to hear a case prior to it entering the federal system.

7   #76, at 4.[4]

8   Petitioner misapprehends the basis for the *Wooten* holding.

9   *Wooten* did not hold that the cumulative error claim was unexhausted because the
10  petitioner there failed to develop argument on three of the four alleged substantive errors
11  before the California Supreme Court.

12  Rather, the *Wooten* court held that the cumulative error claim was not exhausted in
13  that case: (a) because "[b]riefing a number of isolated errors that turn out to be insufficient to
14  warrant reversal does not automatically require the court to consider whether the cumulative
15  effect of the alleged errors prejudiced the petitioner;" (b) because "Wooten specifically noted
16  that he was listing a number of errors for exhaustion purposes *but omitted the cumulative*
17  *error claim*;" and (c) because the prior binding precedent in *Solis* "suggests that a cumulative
18  error claim must be clearly identified in a petitioner's brief before a state court to be
19  exhausted."  540 F.3d at 1025-26 (emphasis added).

20  Here, too, briefing a number of isolated errors – on direct appeal and then separately
21  on post-conviction review – did not automatically require the Supreme Court of Nevada to
22  consider whether the cumulative effect of the alleged errors – particularly across both
23  proceedings – prejudiced petitioner.  Here, too, petitioner did not include any cumulative error
24  claim – either on direct appeal or on the state post-conviction appeal.  Here, too, petitioner

25
26

27
28

> [4]The Court notes that Ground 11 is not restricted to only Grounds 1 through 6 but instead, as petitioner states at the beginning of the paragraph, extends to "all of the grounds presented in the Amended Petition."  Grounds 2 and 7 through 10 of the amended petition are not exhausted as a predicate for Ground 11, even if a claim of cumulative error itself otherwise were exhausted.

never clearly identified a cumulative error claim in any of his briefing in the state supreme court.

Ground 11 therefore is not exhausted.

### *Remaining Issues*

The Court defers possible consideration of any remaining issues raised on the motion to dismiss pending completion of proceedings regarding the relief to be requested by petitioner pursuant to *Rose v. Lundy, supra*.  Such proceedings will be conducted on the expedited schedule established herein.

IT THEREFORE IS ORDERED that respondents' motion (#74) to dismiss is GRANTED IN PART, such that the Court holds that Grounds 2 and 7 through 11 are not exhausted.

IT FURTHER IS ORDERED that petitioner shall have until **March 21, 2012**, to file a motion for dismissal without prejudice of the entire petition, for partial dismissal only of the unexhausted claims, and/or for other appropriate relief.

IT FURTHER IS ORDERED that respondents shall have until **March 26, 2012**, to file a response and petitioner shall have until **March 28, 2012**, to file a reply.

IT FURTHER IS ORDERED that respondents' reply deadline with regard to the remaining issues on the motion to dismiss is CONTINUED WITHOUT DATE.  The Court defers further briefing and consideration of the remaining issues on the motion to dismiss pending completion of proceedings on the relief requested by petitioner with regard to the unexhausted claims.

The entire petition, as amended, will be dismissed without prejudice for lack of complete exhaustion if a motion is not timely filed.

**No extension of the deadlines established herein will be granted except in the most compelling of circumstances**.

DATED: March 12, 2012.

_____
EDWARD C. REED
United States District Judge