# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JEREMY DALE MCCASKILL,

    *Petitioner*,

vs.

MICHAEL BUDGE, *et al.*,

    *Respondents.*

3:08-cv-00687-ECR-WGC

ORDER

This represented habeas matter under 28 U.S.C. § 2254 comes before the Court on a procedural default defense from respondents' earlier motion (#74) to dismiss that had been deferred. The present order follows upon the filing of a reply (#84) by respondents that similarly had been deferred by the Court.

### *Background*

In pertinent part, respondents contend in the motion to dismiss that Ground 5(e) is barred by procedural default to the extent that petitioner seeks to pursue an independent substantive claim over and above the claim of ineffective assistance of trial counsel otherwise presented therein.

Petitioner challenges his conviction, pursuant to a jury verdict, of second-degree murder with the use of a deadly weapon. Ground 5(e), in the main, alleges that petitioner was denied effective assistance of counsel when trial counsel failed to litigate the trial court's exclusion of evidence regarding the alleged violent nature of the victim. Ground 5(e) includes substantial allegations regarding the trial court's alleged error in excluding the evidence. See #54, at 20-27.

1  In the motion to dismiss, respondents contend that "[t]he extent that Amended Ground
2  5(E) can be interpreted as a substantive constitutional claim, the claim was found to be barred
3  under Nevada's procedural default rules." #74, at 10.  Respondents rely in this regard upon
4  the following recital in the state supreme court's order of affirmance on the state post-
5  conviction appeal:

> To the extent that appellant is raising a claim that the district court erred in precluding this evidence, the issue should have been raised on direct appeal and appellant failed to demonstrate good cause for failing to raise the claim earlier. See NRS 34.810(1)(b).

9  #71, Ex. 144, at 5 n.15.

10  In his opposition, petitioner, on the one hand, asserts that "[t]he passing mention of the
11  confrontation clause . . . was not meant as a separate Sixth Amendment claim." #76, at 8.
12  On the other hand, however, petitioner also presents what might appear to be
13  argument seeking to overcome a procedural default:

> . . . . However, if a petitioner demonstrates good cause and actual prejudice a claim is not barred from federal review, as the doctrine of procedural default is based on comity not jurisdiction. Harmon v. Ryan, 959 F.2d 1457 (9th Cir. 1992). Good cause and prejudice are demonstrated by ineffective assistance of counsel. Coleman v. Thompson, 501 U.S. 722, 752 (1991). Mr. McCaskill argues that his right to effective assistance of counsel was violated by the failures of counsel to get the evidence in front of the jury, and to appeal denial of same. A direct result of those failures was the loss of Mr. McCaskill's right to fully confront the witnesses against him.

20  #76, at 8.

21  In the reply, respondents note the apparent concession by petitioner that the passing
22  mention was not intended to assert an independent substantive claim.  Respondents request
23  that the Court either find that Ground 5(e) does not present an independent substantive claim
24  or, if it concludes that it does, that it dismiss any such independent substantive claim as
25  procedurally defaulted.

### *Discussion*

27  The Court will hold petitioner to his concession that he is not seeking to present an
28  independent substantive claim in Ground 5(e).  If petitioner instead intended or intends to

1  pursue an independent substantive claim in Ground 5(e) and/or to argue that such a claim is
2  not procedurally defaulted, he must state so forthrightly. Absent a prompt request for
3  reconsideration of this order, petitioner hereafter will be estopped from pursuing an
4  independent substantive claim that the trial court violated the Constitution in excluding the
5  evidence of the victim's violent nature and/or from maintaining that such an independent
6  substantive claim is not procedurally defaulted. The only claim before the Court in Ground
7  5(e) thus is one that petitioner was denied effective assistance of counsel when trial counsel
8  failed to litigate the trial court's exclusion of evidence regarding the alleged violent nature of
9  the victim.

10  If petitioner instead intends to pursue an independent substantive claim in this regard,
11  such that the Court and respondents have misconstrued the apparent concession in the
12  opposition, petitioner must seek reconsideration of this order within fourteen days. The matter
13  otherwise now proceeds forward immediately to the filing of an answer and reply.

14  IT THEREFORE IS ORDERED that, following upon petitioner's concession in his
15  opposition memorandum, the Court finds that Ground 5(e) does not include an independent
16  substantive claim of trial court error and instead includes only a claim of ineffective assistance
17  of trial counsel. Any request for reconsideration of this finding and order must be filed within
18  **fourteen (14) days** of entry of the order.

19  IT FURTHER IS ORDERED that respondents shall have **twenty-eight (28) days** from
20  entry of this order to file an answer to the remaining claims presented and that petitioner shall
21  have **twenty-eight (28) days** from service of the answer within which to file a reply.

22  The Court's prior statements regarding extension requests continue to apply.
23  DATED: April 5, 2012.

_____
EDWARD C. REED
United States District Judge