# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JEREMY DALE MCCASKILL,

    *Petitioner*,

vs.

MICHAEL BUDGE, *et al.*,

    *Respondents.*

3:08-cv-00687-ECR-WGC

ORDER

This matter comes before the Court following upon petitioner's motion (#86) for reconsideration.

Petitioner seeks reconsideration of the Court's finding in its prior order (#85) that Ground 5(e) does not include an independent substantive claim of trial court error as opposed to solely a claim of ineffective assistance of counsel. Petitioner seeks both to maintain that such an independent substantive claim is presented in the petition as amended and to argue that the claim is not procedurally defaulted as respondents had maintained in the prior motion to dismiss.

The Court expressly left the door open for such a motion for reconsideration. Now that a motion has been filed, the Court notes the following.

First, the filing of the motion will not upset the deadlines for the filing of an answer and reply to the remaining claims, including the related ineffective assistance claim in Ground 5(e). Respondents' answer remains due by May 3, 2012, and petitioner thereafter shall have twenty-eight (28) days from service within which to file a reply.

Second, in responding to the motion for reconsideration, respondents should proceed on the assumption that the Court in fact will reach the underlying procedural default issue. Respondents on occasion rely on cases decided in the post-judgment context to argue that reconsideration of an interlocutory order is precluded or disfavored. Such cases have no application to an interlocutory order, and the Court has plenary authority to reconsider such an order. Respondents of course may argue what they wish to argue, but respondents would be well served by also assuming that the Court likely will reach and address the underlying procedural default issue.

Third, the briefing on the motion for reconsideration will be limited to petitioner's argument in support of the motion and respondents' opposition. Petitioner in essence is getting a second bite, or a "do over," on his opposition to the motion to dismiss to the extent that respondents sought dismissal of any independent substantive claim in Ground 5(e) as procedurally defaulted. While the Court has left the door open for such a second bite, the bite will be only as large as the first bite. That is, petitioner will not get the last brief on what essentially is a partial renewed opposition to respondents' motion to dismiss. Respondents get the last word in argument in that regard.

The Court will align respondents' deadline to respond to the motion with their answer deadline. Thereafter, the Court possibly may resolve the motion along with the merits as to the remaining claims, particularly given the related ineffective assistance claim.

IT THEREFORE IS ORDERED that respondents shall file their response to petitioner's motion (#86) for reconsideration – <u>in a separate filing</u> – by the **May 3, 2012,** due date for their answer on the merits to the remaining claims. There thereafter will be no further briefing on the motion or the procedural default issue, whether directly in a reply to the motion or indirectly in a reply to the answer.

DATED:   April 20, 2012.

_____
EDWARD C. REED
United States District Judge