# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JEREMY DALE MCCASKILL,

    *Petitioner*,

vs.

MICHAEL BUDGE, *et al.*,

    *Respondents*.

3:08-cv-00687-ECR-WGC

ORDER

This habeas matter under 28 U.S.C. § 2254 is before the Court for consideration of an exhaustion defense raised in the answer as to Ground 5(I). The exhaustion defense necessarily must be addressed prior to disposition of the merits on the remaining claims.

### *Background*

Petitioner Jeremy Dale McCaskill challenges his Nevada judgment of conviction, pursuant to a jury verdict, of second-degree murder with the use of a deadly weapon. He is serving two consecutive life sentences with the possibility of parole after ten years on each sentence. Petitioner challenged his conviction on direct appeal and state post-conviction review.

### *Governing Law*

Under 28 U.S.C. § 2254(b)(1)(A), a habeas petitioner first must exhaust state court remedies on a claim before presenting that claim to the federal courts. To satisfy this exhaustion requirement, the claim must have been fairly presented to the state courts completely through to the highest court available, in this case the Supreme Court of Nevada.

*E.g., Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003)(*en banc*); *Vang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003). In the state courts, the petitioner must refer to the specific federal constitutional guarantee and must also state the facts that entitle the petitioner to relief on the federal constitutional claim. *E.g., Shumway v. Payne*, 223 F.3d 983, 987 (9th Cir. 2000). That is, fair presentation requires that the petitioner present the state courts with both the operative facts and the federal legal theory upon which the claim is based. *E.g., Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005). The exhaustion requirement insures that the state courts, as a matter of federal-state comity, will have the first opportunity to pass upon and correct alleged violations of federal constitutional guarantees. *See,e.g., Coleman v. Thompson*, 501 U.S. 722, 731, 111 S.Ct. 2546, 2554-55, 115 L.Ed.2d 640 (1991).

Under *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), a petition presenting both exhausted and unexhausted claims must be dismissed without prejudice unless the petitioner dismisses the unexhausted claims or seeks other appropriate relief.

### *Discussion*

Respondents contend that Ground 5(I) is not exhausted because petitioner did not present the same operative facts in support of the claim on the state post-conviction appeal.

In Ground 5(I), of the amended petition, petitioner alleges that he was denied effective assistance of counsel at sentencing because counsel failed to present petitioner in a light favorable to the sentencing court. In the amended petition, petitioner bases the claim on the following operative facts:

> At sentencing, when it came time to argue on behalf of Mr. McCaskill, defense counsel presented what amounted to one page of oral argument, one half of which belabored the fact that Mr. McCaskill was dressed in red jail clothing (indicating he had been disciplined) for the first time since the case began. Counsel then discussed that inmates had been opening doors with spoons and that Mr. McCaskill knew how to do this but had not. Ex. Nine, pp. 31-32, Sentencing Transcript, p. 17-18. By emphasizing the red clothing and that Mr. McCaskill knew how to break major correctional rules, counsel presented Mr. McCaskill in an unfavorable light, further prejudicing him, and falling below an objective standard of reasonableness under Strickland.

#54, at 34-35.

On the state post-conviction appeal, petitioner contended that counsel was ineffective at sentencing "in failing to present their client in a light favorable to the sentencing court, with full explanation for the district court of the impact of sentencing in Nevada." Petitioner asserted that the sentencing court relied upon unspecified "error and suspect information," that unspecified representations of the prosecutor "were incorrect," and, in particular, that defense counsel did not correct the sentencing judge regarding the proper application of and distinction between the effect of two life sentences as opposed to two 25-year terms. No reliance therein was made upon defense counsel emphasizing correct information that petitioner was in red jail discipline garb and knew how to violate correctional rules by opening a door with a spoon.[1]

The Court is persuaded that petitioner did not present the same operative facts that he presents in federal Ground 5(I) to the state supreme court on the state post-conviction appeal. Reliance upon additional factual material that does not fundamentally alter the legal claim considered by the state courts does not render a claim unexhausted. *See, e.g.*, *Vasquez v. Hillery*, 474 U.S. 254, 260 (1986); *Lopez v. Schriro*, 491 F.3d 1029, 1040 (9th Cir. 2007). Here, however, petitioner presented one set of facts to the state courts – regarding the distinction between the effect of two life sentences as opposed to two 25-year terms – and presented an entirely different set of facts – counsel's emphasis on red jail garb and knowledge of improperly using a spoon to open doors – on federal habeas review.

Petitioner urges in the reply that the claim was fairly presented because the sentencing transcript reflected that defense counsel referred to the red garb and spoon in his brief sentencing argument and petitioner argued on the state post-conviction appeal that counsel failed to present him in a favorable light.[2] The Court is not persuaded. Petitioner must fairly present his claims, not leave the state supreme court to infer from a vague phrase "favorable

---

[1] #71, Ex. 140, at 21-24 (electronic docketing pages 28-31); see also *id.*, Ex. 142, at 10-12 (electronic docketing pages 16-18)(reply brief).

[2] #90, at 16.

light" in an argument otherwise directed to sentence structure that petitioner in truth also was claiming that his counsel unduly emphasized that he was in red jail disciplinary garb and knew how to violate correctional rules. No court on appellate review would infer the claim in federal Ground 5(I) from the argument presented on the state post-conviction appeal. Fair presentation requires more than leaving it to a state court on appeal to guess what the petitioner might be claiming from district court transcripts, brief or otherwise, based upon a vague phrase within argument directed exclusively to another issue.

The Court accordingly holds that Ground 5(I) is not exhausted.[3]

The Court emphasizes the need for respondents' counsel to comply with a scheduling order such as was entered in this case and present *all* defenses in the single motion to dismiss.[4] There is nothing about an exhaustion defense such as the one belatedly raised in the answer that could not have been ascertained at the time of the prior motion to dismiss. Review for exhaustion requires examination of only a limited number of documents. If the state supreme court addressed the same legal claim on the same operative facts in its order either on direct appeal or post-conviction review, counsel's inquiry then is at an end with respect to exhaustion of the particular claim. If the state supreme court's orders instead do not confirm that both the same legal claim and the same operative facts were considered, only then does review of the briefing to the state supreme court become necessary. There again is nothing about the lack of exhaustion of the current claim that could not have been ascertained on a review that was as comprehensive as the earlier motion to dismiss otherwise was thorough on the issues raised.

Although the Court has more immediate control over deadlines, it nonetheless, similar to counsel, is applying limited resources to a heavy caseload with an obligation to move cases

---

[3] *See also Cullen v. Pinholster*, 131 S.Ct. 1388 (2011)(under AEDPA, review of a merits determination by a state court is restricted to the factual record presented to the state courts).

[4] The Court will provide for serial presentation of defenses in scheduling orders in cases where the case may be more efficiently adjudicated in that manner, such as where a significant threshold across-the-board defense is apparent from screening review. Generally, however, the Court does not favor serial presentation of defenses in habeas matters.

promptly toward a conclusion. The Court does not have the resources and time to continually "chip away" at cases on serial presentation of defenses, whether in serial motions to dismiss or via a single motion to dismiss followed by the assertion of further procedural defenses in the answer.

Such serial presentation of defenses is all the more problematic when lack of exhaustion is involved. The defense may not be waived under 28 U.S.C. § 2254(b)(3) except by an express waiver. Moreover, as construed by the Ninth Circuit, a federal district court does not have unfettered discretion pursuant to § 2254(b)(2) to either address the exhaustion defense or instead simply rule on the merits. Instead, the district court can dismiss an unexhausted claim on the merits "only when it is perfectly clear that the applicant does not raise even a colorable federal claim." *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005). If the claim is not subject to this standard of near frivolity, the district court may not consider the merits of the claim if the petitioner has failed to exhaust state remedies, and the court instead must follow the *Rose* choice procedures. *Id.* That means that the court has to defer adjudication of an otherwise fully-argued case and instead provide for further proceedings.

In the present case, this additional delay is occurring in a case that is over three years old that the Court expressly has sought to bring to a final decision point without further delays. The Court trusts that counsel in future will be as comprehensive as he otherwise was thorough in his prior presentation of the remaining issues on the motion to dismiss.

IT THEREFORE IS ORDERED that the Court holds that Ground 5(I) (hereafter, the "unexhausted claim") is not exhausted.

IT FURTHER IS ORDERED that petitioner shall have **twenty-one (21) days** from entry of this order to file a motion for dismissal without prejudice of the entire petition, for partial dismissal only of the unexhausted claim, and/or for other appropriate relief. The opposition and reply times on the motion shall be the standard times provided for by the local rules.

The entire petition, as amended, will be dismissed without prejudice for lack of complete exhaustion if a motion is not timely filed.

**No extension of the deadlines established herein will be granted except in extraordinary circumstances.**

DATED: July 2, 2012.

_____
EDWARD C. REED
United States District Judge